**FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INC., Petitioner,**

v.

**James Richard McMANUS, Respondent.**

**No. C–438.**

Supreme Court of Texas.

March 31, 1982.

Rehearing Denied June 30, 1982.

Vinson & Elkins, Michael G. Terry, Houston, for petitioner.

Funderburk & Funderburk, Larry Funderburk and Douglas S. Sandage, Houston, for respondent.

CAMPBELL, Justice.

This is an appeal from a declaratory judgment granted to Fidelity & Guaranty Insurance Underwriters, Inc. The trial court held Fidelity had no duty to defend the insured, James Richard McManus, in a suit alleging negligent entrustment. The Houston [1st Dist.] Court of Civil Appeals reversed the trial court judgment and rendered judgment that Fidelity had a duty to defend the insured. 615 S.W.2d 877. We reverse the court of civil appeals judgment.

Harold McManus purchased a trail bike for his son James. James allowed his friend, Craig Wooley, to use the bike. While using the bike, Wooley collided with a bike ridden by Daniel Garcia. Garcia sued Craig Wooley and James McManus alleging that James McManus negligently entrusted the trail bike to Wooley.

James McManus was an insured under a Texas Homeowner's Policy issued by Fidelity. The policy provides:

Coverage D—Personal Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the company shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient.

Exclusions—coverage D shall not apply;

4.a. to the ownership, maintenance, operation, use, loading or unloading of;

(3) any recreational motor vehicle owned by any insured, if the bodily injury or property damage occurs away from the resident premises; ....

Fidelity sought a declaratory judgment that it had no duty to defend James McManus. Fidelity contends coverage is excluded because the allegations by Garcia against McManus arose out of the "ownership, maintenance, use, loading or unloading of ... any recreational motor vehicle owned by any insured."

The jury found the McManus trail bike was a recreational motor vehicle. There is no dispute that the accident occurred away from the McManus' premises. The district court rendered judgment in favor of Fidelity.

The court of civil appeals held negligent entrustment does not involve the "ownership, maintenance, operation, use, loading or unloading" of a vehicle by the insured. Negligent entrustment, the court held, is a separate and distinct cause of action involving the *permission to use* not the *use* of a vehicle. 615 S.W.2d at 881.

An insurer is required to defend only those cases within the policy coverage. Furthermore, the insurer is entitled to rely on the plaintiff's allegations in determining whether the facts are within the coverage. If the petition only alleges facts excluded by the policy, the insurer is not required to defend. *See Heyden Newport Chem. Ins. Co. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24–25 (Tex.1965); *Maryland Cas. Co. v. Moritz*, 138 S.W.2d 1095, 1097 (Tex.Civ.App. —Austin 1940, writ ref'd).

The issue before this Court is whether, under the facts here, negligent entrustment arises out of the ownership, maintenance,

operation, use, loading or unloading of a recreational motor vehicle away from the residence. We hold it does and; thus, coverage under the homeowner's policy is excluded.

This issue has never been decided by this Court. However, the court of civil appeals as well as McManus and Fidelity considered two lines of cases in foreign jurisdictions addressing the problem. The first line of cases holds the insurance company is obligated under the basic homeowner's policy to defend the insured in a negligent entrustment action.[1] These cases hold negligent entrustment is a distinct and specific cause of action. Liability is founded upon the act of negligent entrustment rather than the "use" of the vehicle. Representative of the decisions upholding coverage is *Upland Mutual Ins., Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974). The Kansas Supreme Court held even though the immediate cause of the injury and death was the operation of the automobile, the basis of the action was the alleged negligence of knowingly entrusting an automobile to a careless and reckless driver. *Id.* 519 P.2d at 741.

The second line of cases, and majority view, recognizes negligent entrustment as a distinct and specific cause of action derived

from the more general concepts of ownership, operation, and use of a vehicle.[2] This position renders the exclusion in the homeowner's policy applicable; thus, denying coverage. The leading case supporting this view is *Cooter v. State Farm Fire and Cas. Co.*, 344 So.2d 496 (Ala.1977) in which the Alabama Supreme Court criticizes the cases upholding coverage by stating:

> While liability (apart from coverage) for negligent entrustment is not conditioned upon the entrustor's ownership or use of the vehicle, negligent use by the one to whom it is entrusted is essential to recovery. It is the concurrence of these dual elements—negligent entrustment by the owner or custodian of the instrumentality plus its negligent use by the entrustee— that is missing in the rationale of those cases upholding coverage.

*Id.* at 499.

Although the cases making up the two lines of authority contain facts similar to the ones presented to us here, they are not entirely on point. In *Cooter*, for instance, it was alleged the named insured negligently entrusted his automobile to his insured minor son who was using it at the time of the accident. Likewise, in *Upland Mutual* the named insureds entrusted their automobile

---

1. See *Douglass v. Hartford Ins. Co.*, 602 F.2d 934 (10th Cir. 1979) (interpreting Colorado law); *Upland Mut. Ins., Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974); *Shelby Mut. Ins. Co. v. United States Fire Ins. Co.*, 12 Mich.App. 145, 162 N.W.2d 676 (1968); *Republic Vanguard Ins. Co. v. Buehl*, 295 Minn. 327, 204 N.W.2d 426 (1973); *McDonald v. Home Ins. Co.*, 97 N.J.Super. 501, 235 A.2d 480 (1967); *Lalomia v. Bankers & Shippers Ins. Co.*, 35 A.D.2d 114, 312 N.Y.S.2d 1018 (1970).

2. See *Cooter v. State Farm Fire & Cas. Co.*, 344 So.2d 496 (Ala.1977); *Lumbermens Mut. Cas. Co. v. Kosies*, 124 Ariz. 136, 602 P.2d 517 (Ariz.1979); *Aetna Cas. & Sur. Co. v. American Mfrs. Mut. Ins. Co.*, 261 Ark. 326, 547 S.W.2d 757 (1977); *Labonte v. Federal Mut. Ins. Co.*, 159 Conn. 252, 268 A.2d 663 (1970); *Insurance Co. of N. Am. v. Waterhouse*, 424 A.2d 675 (Del.Sup.Ct.1980); *Gargano v. Liberty Mut. Ins. Co.*, 384 So.2d 220 (Fla.App.1980); *State Farm Fire & Cas. Co. v. McGlawn*, 84 Ill. App.3d 107, 39 Ill.Dec. 531, 404 N.E.2d 1122 (1980); *Barnstable County Mut. Fire Ins. Co. v. Lally*, 374 Mass. 602, 373 N.E.2d 966 (1978); *Hanover Ins. Co. v. Grondin*, 119 N.H. 394, 402

A.2d 174 (1979); *Great Cent. Ins. Co. v. Roemmich*, 291 N.W.2d 772 (S.D.1980). One Texas case that has been cited as reputedly falling into the "no coverage" category is *Federal Ins. Co. v. Forristal*, 401 S.W.2d 285 (Tex.Civ.App. —Beaumont 1966, writ ref'd n. r. e.). In that case, Mr. Forristal and his son were insured under a comprehensive homeowner's policy similar to the one involved here. Mr. Forristal permitted his son to use his car. The Forristal car became blocked-in at a parking lot between the plaintiff's car and another. The son and a friend attempted to push the plaintiff's car out of the way so the Forristal car could be moved. Once the plaintiff's car was set in motion, however, it continued to roll down an incline and into a nearby river. The plaintiff sued Mr. Forristal alleging he "entrusted his automobile to his minor son, a known incompetent driver." The court of civil appeals denied coverage by holding the "ownership, maintenance, operation, use . . ." exclusion applied to Mr. Forristal as well as his son, but never discussed negligent entrustment. *Forristal*, therefore, is not controlling here.

to their insured minor son who was using the car when the accident occurred. However, as noted by the court of civil appeals, in this case the insured minor son entrusted the trail bike to a non-insured third party who was using it when the accident giving rise to the cause of action occurred.

This distinction, however, is not controlling. In Texas, to recover under negligent entrustment a plaintiff must prove: 1) entrustment by the owner or custodian; 2) to a driver the owner knows or should have known is a reckless or incompetent driver; and 3) negligent operation of the vehicle proximately causing damage to a third party. *See Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587, 588, 591 (1947).

Essential to recovery, therefore, is negligent entrustment by the owner or custodian of the instrumentality, plus its negligent operation or use by the entrustee. Whether the entrustment is to an insured or non-insured, the plaintiff must still show negligent operation or use by the entrustee as an element of the cause of action. In other words, there would have been no accident in this case without the negligent operation or use of a recreational motor vehicle. *See Cooter v. State Farm Fire & Cas. Co.*, 344 So.2d 496, 497 (Ala.1977). The homeowner's policy excludes coverage for claims arising out of the ownership, use, or operation of a recreational motor vehicle. Fidelity is under no duty to defend McManus under facts excluded from coverage under the policy. *See Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24–25 (Tex.1965).

The judgment of the court of civil appeals is reversed; and judgment rendered that Fidelity has no duty to defend McManus in the negligent entrustment action filed against McManus by Garcia.