CENTENNIAL INSURANCE
COMPANY, Appellant,

v.

HARTFORD ACCIDENT AND
INDEMNITY COMPANY,
Appellee.

No. B14–90–860–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 8, 1991.

Julia J. Knight, Houston, for appellant.

William K. Luyties, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Centennial Insurance Company ("Centennial"), plaintiff in the trial court, appeals from a summary judgment in favor of Hartford Accident and Indemnity Company ("Hartford"), defendant in the trial court. In four points of error, Centennial contends the trial court erred in granting Hartford's motion for summary judgment and denying Centennial's motion for summary judgment.

Eve Lawson died as the result of injuries received when her automobile was struck by one driven by Susan Webb, who was then acting within the course and scope of her employment with World Courier Metro Services, Inc. ("World Courier"). Webb was driving her own automobile at the time of the collision. Lawson's wrongful death beneficiaries brought suit against Webb and World Courier alleging that Webb was negligent in the operation of her vehicle and that World Courier was liable under the doctrine of respondeat superior. World Courier was covered under two separate insurance policies provided by their general agent. Centennial provided their automobile liability protection and Hartford was the insurer under a standard comprehensive general liability ("CGL") policy. The CGL policy contained the following exclusion:

> This insurance does not apply:
> (b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
> (1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or
> (2) any other automobile or aircraft operated by any person in the course of his employment by any insured. . . .

Centennial undertook the defense of its insured, World Courier, pursuant to terms of the automobile liability policy. The plaintiffs subsequently amended their petition to include allegations of negligent hiring and negligent entrustment by World Courier, and demand was made upon Hartford to provide a defense against these claims. Hartford responded to Centennial and World Courier by letter in which the insurer reserved its rights under the policy exclusion and indicated it would conduct an investigation of the claim.

Hartford engaged the services of an attorney to defend the insured, investigated the circumstances of the accident and conducted legal research on the issue of its liability for the auto collision under the terms of the CGL policy. As a result of its efforts Hartford concluded the company had no coverage and withdrew from the representation of World Courier. Centennial subsequently settled the suit for $600,-000.00 and brought this action to compel

Hartford's pro rata participation in the settlement and payment of reasonable attorneys' fees.

Centennial and Hartford made the following stipulations:

(1) the accident was caused by the negligence of Susan Webb;

(2) Webb was an employee of World Courier, Inc. and was acting within the course of her employment at the time of the accident; and

(3) World Courier, Inc. was negligent in employing Webb and retaining her in its employment when it knew or should have known that she was incompetent and unfit to be driving for a delivery courier service.

Centennial and Hartford agree that the only issue for decision is whether the above quoted policy exclusion applies in this case. If it does, there is no coverage, no duty to defend and no liability on the part of Hartford to pay anything to Centennial. If the exclusion does not apply, Hartford is liable.

Hartford relies on the decision of the Texas Supreme Court in *Fidelity and Guaranty Insurance Underwriters, Inc. v. McManus*, 633 S.W.2d 787 (Tex.1982). In that case *Fidelity* had issued a Homeowner's Policy to Harold McManus. The policy provided liability coverage for bodily injury but contained an exclusion stating that bodily injury coverage shall not apply to the ownership, maintenance, operation, use, loading or unloading of any recreational motor vehicle owned by any insured, if the bodily injury occurs away from the resident premises.

Harold McManus purchased a trail bike for his son James. James allowed his friend, Craig Wooley, to use the bike. While using the bike, Wooley collided with a bike ridden by Daniel Garcia. Garcia sued Craig Wooley and James McManus, alleging that James McManus negligently entrusted the trail bike to Wooley. James McManus was an insured under the Homeowner's Policy.

Fidelity brought suit against James McManus seeking a declaratory judgment that Fidelity had no duty to defend McManus and that coverage was excluded under the terms of the policy. The supreme court agreed, holding the policy exclusion applied and there was no coverage and no duty to defend. The court noted that in Texas, to recover under negligent entrustment, the plaintiff must prove: (1) entrustment by the owner or custodian; (2) to a driver the owner knows or should know is a reckless or incompetent driver; and (3) negligent operation of the vehicle proximately causing damage to a third party. The supreme court stated:

Whether the entrustment is to an insured or non-insured, the plaintiff must still show negligent operation or use by the entrustee as an element of the cause of action. In other words, there would have been no accident in this case without the negligent operation or use of a recreational motor vehicle. *See Cooter v. State Farm Fire & Cas. Co.*, 344 So.2d 496, 497 (Ala.1977). The homeowner's policy excludes coverage for claims arising out of the ownership, use, or operation of a recreational motor vehicle. Fidelity is under no duty to defend McManus under facts excluded from coverage under the policy. *See Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24–25 (Tex.1965).

633 S.W.2d at 790.

Centennial tries to distinguish between the negligent hiring theory of recovery and the negligent entrustment theory of recovery. Centennial fails in this effort. In the instant case the negligent hiring of Susan Webb, by itself and without the fatal injury to Eve Lawson caused by the instrumentality of the automobile driven by Webb, did not and could not rise to a cause of action against World Courier. Paraphrasing the words of the supreme court in *McManus*, there would have been no accident in this case without the negligent operation of the automobile by Susan Webb.

Centennial attempts to avoid the inescapable fact that an automobile caused the fatal injuries received by Eve Lawson by citing a number of cases which allegedly could provide coverage for World Courier's damages and impose a duty to defend World Courier under Hartford's CGL poli-

cy. In every case cited by Centennial the injury in question triggered coverage under the general liability policy because the injury was caused in fact by two separate instrumentalities. In *State Farm Mutual Automobile Insurance Company v. Partridge*, 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123 (1973), upon which Centennial places the greatest emphasis, the injury was caused by the insured's negligent use of an automobile and the insured's negligent modification of a handgun to give it "hair trigger action." Wayne Partridge had two insurance policies, an automobile liability policy and a homeowner's policy, both issued by State Farm. The Homeowner's Policy had a provision excluding coverage for injuries "arising out of the use" of a motor vehicle. Partridge, a hunting enthusiast, owned a .357 magnum pistol. Prior to the date of the accident Partridge filed the trigger mechanism of his pistol to lighten the trigger pull so that the gun would have "hair trigger action."

On the day of the accident Partridge and two friends, Vanida Nelson and Ray Albertson, were driving in the countryside in Partridge's four-wheel drive Ford Bronco. With Vanida sitting between them in the front seat, Partridge and Albertson hunted jackrabbits by shooting out of the windows of the moving vehicle. Partridge was using his modified .357 magnum. Partridge spotted a running jackrabbit crossing the road. In order to keep the rabbit within the car's headlights, Partridge drove his vehicle off the paved road onto the adjacent rough terrain. The vehicle hit a bump. The pistol discharged. A bullet entered Vanida's left arm and penetrated down to her spinal cord, resulting in paralysis. At the time of the accident Partridge was either holding the gun in his lap or resting it on top of the steering wheel pointed at Vanida.

Thereafter, Vanida filed a personal injury action against Partridge seeking damages of $500,000.00. State Farm filed suit for declaratory judgment to determine which of the policies provided coverage for the accident. The California Supreme Court held that the insured, Partridge, had been negligent both in modifying the gun by filing its trigger mechanism and in driving his vehicle off the paved road onto the rough terrain, and that these two negligent acts were independent, concurrent proximate causes of Vanida Nelson's injuries. The California court emphasized that the insured's negligent modification of the gun "suffices, *in itself*, to render him fully liable for the resulting injuries." *Id.*, 109 Cal.Rptr. at 817, 514 P.2d at 129. (Emphasis added). In the case at bar, the negligent hiring of Susan Webb, by itself and without the fatal injury to Eve Lawson caused by the instrumentality of an automobile, did not and could not give rise to a cause of action against World Courier.

Other cases cited by Centennial are also distinguishable from the case at bar for the same reasons *Partridge* is distinguishable.

The only Texas case relied on by Centennial, *Warrilow v. Norrell*, 791 S.W.2d 515 (Tex.App.—Corpus Christi 1989, writ denied), falls in the same category as *Partridge* and the other out-of-state cases relied on by Centennial. In *Warrilow*, two instrumentalities caused the injury in question. There the injury was the result of the negligent use of an automobile and the negligent use of a pistol. The negligent use of one instrumentality, the pistol, triggered coverage under the Homeowner's Policy because its negligent use did not fall within the automobile exclusion, and the negligent use of the second instrumentality, the automobile, fell within the coverage of the automobile liability policy in question. Again, this case is clearly distinguishable from the case at bar where only one instrumentality, Susan Webb's automobile, was negligently used. The *Warrilow* case involved a shooting incident during a hunting trip. The insured stopped to change a tire on his car. While removing his pistol from his belt, he dropped it. It discharged and injured his passenger. He had an insurance policy which excluded bodily injury arising out of the ownership, maintenance, use, loading or unloading of an automobile. The Corpus Christi Court of Appeals adopted the law of other jurisdictions in its holding that coverage was provided under the policy. It declined to

apply the exclusion because of the concurrent causation of the negligent use of the weapon and the maintenance of the automobile.

None of the cases relied on by Centennial involved negligent entrustment of a vehicle to a known incompetent driver. The negligent hiring theory of recovery is essentially indistinguishable from the negligent entrustment theory of recovery, and Texas courts agree with the overwhelming majority of other jurisdictions in holding that the precise automobile policy exclusion in question in the case at bar excludes coverage for negligent entrustment claims. *See Standard Mutual Insurance Co. v. Bailey*, 868 F.2d 893 (7th Cir.1989).

Because the negligent hiring theory of recovery and the negligent entrustment theory of recovery are indistinguishable, the trial court correctly granted Hartford's motion for summary judgment and correctly denied Centennial's motion for summary judgment. Centennial's four points of error are overruled and the judgment of the trial court is affirmed.