LANE V. LIBERTY MUTUAL 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-187-CV





ALICIA LANE, MARVIN LANE, AND GREAT-WEST LIFE ASSURANCE COMPANY,




 APPELLANTS


vs.





LIBERTY MUTUAL INSURANCE COMPANY AND LIBERTY MUTUAL FIRE


INSURANCE COMPANY,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. 91-1271, HONORABLE JOSEPH H. HART, JUDGE PRESIDING



 




 Appellants Marvin Lane, Alicia Lane, and Great-West Life Assurance Company
("Great-West") sued Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance
Company (collectively, "Liberty Mutual") for failing to defend Marvin Lane in an earlier action
in which his wife Alicia sued him for damages she sustained in a motorcycle accident. (1) The trial
court rendered a take-nothing judgment for Liberty Mutual after granting its motion for summary
judgment, based upon a clause in Marvin's homeowners' insurance contract with Liberty Mutual
excluding coverage in connection with the insured's operating a motor vehicle. Appellants bring
four points of error. We will affirm the judgment.


BACKGROUND


 The parties stipulated to the relevant facts. Marvin was the registered owner of a
Honda motor scooter. He allowed his vehicle insurance policy to lapse and put the motor scooter
in storage. The Lanes, however, continued paying premiums on a homeowners' policy with
Liberty Mutual. On June 10, 1990, during a party at the Lanes' residence, Marvin allowed some
of the partygoers to remove his motor scooter from storage, while warning them not to drive the
vehicle off the premises onto public streets. Brian Jackson, an intoxicated guest, ignored
Marvin's instructions and drove the motor scooter onto a public street. Alicia, a passenger on the
motor scooter, sustained serious injuries as a result of an accident.

 Alicia filed suit against Marvin, alleging he had committed negligent acts and
omissions that caused the accident and her injuries. Several of these alleged acts and omissions
concerned Marvin's supervision of his motor scooter and his entrustment of the vehicle to
Jackson. (2) At least some of these claims are specifically excluded by the homeowners' policy. (3) 
Liberty Mutual refused to defend Marvin, claiming it had no duty to defend him from liability for
actions excluded by his policy. The trial court rendered a default judgment against Marvin and,
after a hearing, awarded Alicia six million dollars.

 Appellants then brought this cause of action against Liberty Mutual, based upon
its failure to defend Marvin in the first proceeding. Appellants claimed Liberty Mutual had
committed negligence, gross negligence, breach of contract, and acts of bad faith; further,
appellants alleged the failure to defend Marvin violated the Deceptive Trade Practices--Consumer
Protection Act (4) and the Insurance Code, (5) which allow recovery of additional damages. Appellants
argued that Liberty Mutual had breached its duty to defend Marvin against Alicia's claim that he
served excessive amounts of alcohol to Jackson with knowledge of this guest's state of
intoxication. Appellants moved for a partial summary judgment, asserting that this claim was
covered under Marvin's homeowners' policy. (6) Liberty Mutual also moved for summary
judgment, asserting that all of Alicia's allegations against Marvin were excluded from coverage
under his policy. The trial court granted Liberty Mutual's motion and denied appellants' motion.

 Appellants bring numerous points of error on appeal, but their argument in effect
asserts one contention: Marvin's alleged "social host liability" for Alicia's injuries was not
excluded by their homeowners' policy and thus Liberty Mutual was required to defend him. (7) 
Liberty Mutual in reply contends any basis on which Marvin could be liable was specifically
excluded under the terms of his policy. Because the parties joined in a stipulation of relevant
facts, the trial court was faced with a single question of law in deciding which summary judgment
motion it should grant based upon the terms of the contract. In reviewing its decision, we must
address the same question.



DISCUSSION


 The parties agree that the duty to defend may be determined by comparing the
cause of action stated in the pleadings and the terms of coverage stated in the policy. Heyden
Newport, 387 S.W.2d at 24; Continental Sav. Ass'n v. U.S. Fidelity & Guar. Co., 762 F.2d 1239,
modified on other grounds, 768 F.2d 89 (5th Cir. 1985). Marvin's policy expressly excludes
coverage for liability relating to the operation and use of any motor vehicle owned by the insured. 
Appellants contend, however, that this provision does not exclude coverage for the insured's
independent acts that, concurrent with the operation of a motor vehicle, cause the damages for
which the insured is liable. One court of appeals has adopted this legal position. In Warrilow v.
Norrell, 791 S.W.2d 515 (Tex. App.--Corpus Christi 1989, writ denied), a hunter accidentally
dropped and discharged his pistol while changing a tire on his rental car, killing a passenger. The
insurance policy excluded coverage for bodily injury arising out of the operation or maintenance
of any automobile. The court agreed with the plaintiff that the hunter's negligence in dropping
his pistol constituted a distinct cause of action separate and apart from the maintenance of the
vehicle. As the court observed, "The changing of a tire was mere happenstance." Id. at 526. 
The court accepted the "concurrent causation" theory outlined in State Farm Mutual Insurance Co.
v. Partridge, 514 P.2d 123 (Cal. 1973):



In [Partridge], the insured was hunting rabbits by shooting out of the window of
his moving vehicle. The insured had filed the trigger mechanism of his .357
magnum pistol, giving it a "hair trigger." Upon spotting a rabbit, the insured
chased it by driving off the road. During the chase, the vehicle hit a bump, the
pistol discharged, and a passenger was shot. One of the insurance policies at issue
contained [a vehicle exclusion clause]. The California Supreme Court . . . held
that the injury had two joint causes: one arising from the negligent operation of the
automobile and the other arising from the negligent tampering with the firing
mechanism of the pistol. . . . The Court held that the policy did not exclude
coverage for the shooting accident.



Warrilow, 791 S.W.2d at 526. The Warrilow court cited with approval cases from three other
states with similar facts, all involving shootings that took place inside vehicles. See State Capital
Ins. v. Nationwide Mut. Ins., 350 S.E.2d 66 (N.C. 1986); Glen Falls Ins. Co. v. Rich, 49 Cal.
App. 3d 390 (1975); Travelers Ins. Co. v. Aetna Casualty & Sur. Co., 491 S.W.2d 363 (Tenn.
1973).

 Appellants acknowledge that the motor vehicle accident was a cause of Alicia's
injuries but assert that Marvin's negligent serving of alcohol was a concurrent cause of Alicia's
injuries, as well. Under the terms of the homeowners' policy, Liberty Mutual is required to
defend the insured "even if any of the allegations of the suit are groundless, false, or fraudulent." 
Accordingly, even assuming Warrilow's concurrent causation theory, we must determine whether
Alicia's allegations against Marvin stated a cause of action independent of Jackson's operation of
the motor scooter. We conclude they did not.

 Appellants argue that negligently serving alcohol to an intoxicated person, without
more, is actionable. They cite no authority for this proposition. (8) States that impose "social host
liability" at a minimum require that the intoxicated person perform some act that causes damage
to a third person. E.g., McGuiggan v. New England Tel. & Tel. Co., 496 N.E.2d 141, 146
(Mass. 1986). In this instance, Jackson did not commit an act that caused Alicia's injuries
independently of his operation of Marvin's motor scooter. (9) In holding a negligent entrustment
claim fell within a vehicle exclusion, the supreme court reasoned that "there would have been no
accident in this case without the negligent operation or use of a recreational vehicle." Fidelity,
633 S.W.2d at 790. (10) We apply this logic to the cause at hand and agree with the trial court that
all of Alicia's allegations, including Marvin's serving of alcohol to Jackson, were excluded under
Marvin's homeowners' policy. (11)



CONCLUSION


 Liberty Mutual was under no duty to defend Marvin in a suit alleging facts
excluded from coverage under the insurance policy. Fidelity, 633 S.W.2d at 690. It therefore
committed no acts of negligence or gross negligence; further, it did not breach its contract with
Marvin by failing to defend him. As it had a reasonable basis for denying coverage, it did not
breach its duty of good faith. Aranda v. Insurance Co. of N. Am., 748 S.W.2d 210, 213 (Tex.

1988). The trial court correctly granted Liberty Mutual's motion for summary judgment and
denied appellants' motion. Accordingly, we overrule all of appellants' points of error.

 We affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed 

Filed: May 5, 1993

[Do Not Publish]
1. Marvin assigned his claims against Liberty Mutual to Alicia. In turn, Alicia subrogated her
claims against Liberty Mutual to Great-West, who intervened in the proceedings below.
2. The petition in this suit alleged Marvin was negligent in seven ways: (1) serving and/or
allowing to be served excessive amounts of alcoholic beverages to Brian Jackson when he knew
that Jackson was intoxicated; (2) allowing guests at the party to ride the motor scooter; (3) failing
to take measures to assure that the motor scooter was not ridden off of the premises; (4) failing
to furnish Alicia a helmet; (5) providing a helmet for Jackson rather than Alicia; (6) failing to
warn Alicia that Jackson was intoxicated; and (7) entrusting Jackson with the motor scooter. 
Appellants have abandoned the seventh basis on appeal.
3. Section II, Coverage D, Exclusion 4(c) provides no coverage applies for bodily injuries
arising out of "the entrustment by any insured to any person, or the negligent supervision by any
insured of any person; With regard to the ownership, maintenance or use of any . . . motor
vehicle which is not covered under Section II of this policy. Section II, Coverage D, Exclusion
4(a)(2) provides no coverage applies for liability from "the ownership, maintenance, operation,
use, loading or unloading of . . . any motor vehicle owned or operated by or rented or loaned to
any insured." 
4. Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 1993).
5. Tex. Ins. Code Ann. art. 21.21 (West 1981 & Supp. 1993).
6. Appellants' motion for summary judgment and points of error in their appellate brief state
that five other allegations in Alicia's suit against Marvin were also covered by the Liberty Mutual
policy. However, in their argument in their brief and before this Court, appellants assert only that
the alcohol-serving claim was covered by the policy. The supreme court has held that a policy
excluding liability arising out of the use of a vehicle excluded a claim of negligent entrustment of
a vehicle. Fidelity & Guar. Ins. Underwriters v. McManus, 633 S.W.2d 787, 790 (Tex. 1982). 
Here, the policy specifically excluded negligent supervision and entrustment. Thus, even if
appellants still argued that Alicia's claims of negligent entrustment and negligent supervision were
covered by the policy, Fidelity and the specific terms of the exclusions in the policy would require
us to reject this interpretation of the insurance contract. 
7. Appellants' first point generally alleges the trial court erred in denying their motion for
summary judgment. Appellants' second point alleges this denial was erroneous because of the
doctrine of concurrent causation, discussed below, and because Liberty Mutual must defend its
insured for all complaints in a petition filed against the insured. Appellants do not dispute that
if this petition only alleges facts excluded by the insurance policy, the insurer is not required to
defend the insured. Fidelity, 633 S.W.2d at 788; see also Heyden Newport Chem. Ins. Co. v.
Southern Gen. Ins. Co., 387 S.W.2d 22, 24-25 (Tex. 1965); Maryland Casualty Co. v. Moritz,
138 S.W.2d 1095, 1097 (Tex. Civ. App.--Austin 1940, writ ref'd). Appellants' third point of
error states the trial court incorrectly found the allegations in the petition did not raise a "social
host" cause of action. While the court did not in fact make such a finding, we discuss above how
this issue is at any rate irrelevant. Appellants' fourth point reiterates the arguments made in their
second and third points in regard to the trial court's granting of Liberty Mutual's motion for
summary judgment. 
8. The issue of whether Texas recognizes a cause of action for "social host liability" has not
been addressed by the Texas Supreme Court. Compare Beard v. Graff, 801 S.W.2d 158 (Tex.
App.--San Antonio 1990, writ granted) with Spruiell v. Schlumberger Ltd., 809 S.W.2d 935 (Tex.
App.--Texarkana 1991, no writ), and Walker v. Children's Servs., Inc., 751 S.W.2d 717 (Tex.
App.--Amarillo 1988, writ denied). We do not consider this issue today, but even if we were to
adopt Beard's holding, it would not support appellants' position. The court there recognized a
cause of action against "a social host [who] owes a duty of care to innocent third parties of the
general and motoring public who are injured by the acts of an intoxicated guest because of his
intoxication while driving a motor vehicle." Beard, 801 S.W.2d at 159 (emphasis added).


 The supreme court has recently held that in an action involving Chapter 2 of the Texas
Alcoholic Beverage Code, see Tex. Alco. Bev. Code Ann. § 2.01-.03 (West Supp. 1993), a
licensed alcohol provider is liable when an individual is "provided, sold, or served alcoholic
beverages . . . and injures himself." Smith v. Sewell, 36 Tex. Sup. Ct. J. 802, 802 (April 21,
1993) (emphasis added). See also El Chico Corp. v. Poole, 732 S.W.2d 306, 310 (Tex. 1987);
Boyd v. Fuel Distributors, Inc., 795 S.W.2d 266 (Tex. App.--Austin 1990, writ denied); Chapa
v. Club Corp., 737 S.W.2d 427 (Tex. App.--Austin 1987, no writ). 
9. Appellants suggest examples of acts Jackson could have committed other than driving the
motor scooter that would render Marvin liable for resulting damages. However, Liberty Mutual
was not required to defend Marvin against hypothetical suits; Alicia's petition alleged injuries
resulting from the motor scooter accident, not any other act.
10. Appellants contend, without citing any authority, that exclusions from liability for the "use"
of a vehicle are narrower than exclusion for liability "arising out of" the use of a vehicle. Here,
the general exclusion for vehicles used the former language, while the entrustment/supervision
exclusion used the latter. We make no such distinction. Furthermore, although Fidelity involved
a policy with the "arising out of" language, it stressed that negligent entrustment could not be
separated from the "use" of the vehicle. Fidelity, 633 S.W.2d at 788-90.
11.   Most jurisdictions, when facing claims of social host or dram shop liability, have reached
the same conclusion. E.g., Merrimack Mut. Fire Ins. Co. v. Sampson, 550 N.E.2d 901 (Mass.
App. 1990); American Nat'l Property & Casualty Co. v. Gray, 803 S.W.2d 693 (Tenn. App.
1990); Sharp v. Indiana Union Mut. Ins. Co., 526 N.E.2d 237 (Ind. App. 1988). But see Sarp
v. U.S. Fidelity & Guar. Co., 572 So.2d 158 (La. App. 1990) (claim of serving alcohol to minor
who caused auto accident not within exclusion).