United States Court of Appeals,

Fifth Circuit.

No. 92-8582.

COMMERCIAL UNION INSURANCE COMPANY, Plaintiff-Appellee,

v.

Dr. Stephen M. ROBERTS, Patrick Zahasky and Ann Zahasky, Individually, and as parents and next Friends of Heidi Zahasky and Kelly Zahasky, Defendants-Appellants.

Nov. 17, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before POLITZ, Chief Judge, HIGGINBOTHAM, Circuit Judge, and DAVIDSON,[1] District Judge.

DAVIDSON, District Judge:

The defendants appeal the district court's grant of summary judgment in favor of Commercial Union Insurance Company ("Commercial Union"). Commercial Union filed a complaint for declaratory relief seeking a determination that it had no duty to defend or indemnify Dr. Stephen Roberts against claims for damages caused by Roberts' sexual touching of two young girls, Heidi and Kelly Zahasky. In granting summary judgment, the district court held that the homeowner policy's "intentional injury" exclusion precluded coverage for alleged sexual misconduct involving minors. The district court had jurisdiction under 28 U.S.C. §§ 2201 and 1332(a)(1). We have jurisdiction over this timely appeal under 28 U.S.C. § 1291, and we affirm.

*BACKGROUND*

Appellant, Dr. Stephen M. Roberts, touched two young girls, Heidi and Kelly Zahasky, in a sexual manner during the years of 1981 and 1982. At that time, Commercial Union provided homeowner's insurance for Dr. Roberts. The terms of the policy required the insurance company to compensate Dr. Roberts for liability for bodily injury or property damage and to defend him against any suit involving such liability. However, the policy excludes from personal liability coverage "bodily injury or property damage caused intentionally by or at the direction of [Dr. Roberts]."

---

[1]District Judge of the Northern District of Mississippi, sitting by designation.

*Commercial Union Ins. Co. v. Roberts,* 815 F.Supp. 1006, 1007 (W.D.Tex.1992).

The parents of the two girls, Patrick Zahasky and Ann Zahasky, on their own behalf and on behalf of their daughters, filed suit in Williamson County, Texas, against Dr. Roberts alleging injuries from sexual contact by Dr. Roberts with Heidi and Kelly Zahasky. At the time of the alleged incidences, the girls were seven years old or younger. The suit alleged that Dr. Roberts was negligent for failing to obtain treatment for his pedophilia, for treating young female patients given his condition, for teaching Sunday school to young female pupils given his condition, and for failing to have an adult present at these times of risk. The suit claims that, as a result of these negligent acts, Dr. Roberts sexually touched the children. The parents sought coverage for Heidi and Kelly Zahasky's alleged injuries under Dr. Roberts' homeowner's insurance policy with Commercial Union. Dr. Roberts requested that Commercial Union provide him with a defense to the state court suit.

Commercial Union filed suit in federal court under diversity jurisdiction, naming Dr. Roberts and the Zahaskys as defendants, seeking a declaratory judgment that it had no duty to defend or indemnify Dr. Roberts in the state court action. Commercial Union then moved for summary judgment based on the exclusion in the homeowner's policy. In response, Dr. Roberts sought summary judgment declaring that Commercial Union was obliged to defend and indemnify him.

The district court granted summary judgment for Commercial Union on September 29, 1992. The defendants appeal the decision.

## DISCUSSION

We review the district court's grant of summary judgment motion de novo. *Davis v. Illinois Central R.R.,* 921 F.2d 616, 617-18 (5th Cir.1991). Summary judgment is appropriate if the record discloses "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## I.

Appellants first contend that the issue of whether Dr. Roberts intended to injure the Zahasky children when he engaged in sexual contact with them creates a fact issue which precludes summary judgment. They claim that he did not subjectively intend to harm the girls by his sexual touching.

Appellants distinguish intent to commit the act from intent to injure. This is a proper distinction; however, courts have overwhelmingly held that an intent to injure may be inferred as a matter of law in cases involving sexual contact between a child and an adult regardless of the insured's subjective intent. *See, e.g., State Farm Fire and Casualty Co. v. Davis,* 612 So.2d 458 (Ala.1993); *J.C. Penney Casualty Ins. Co. v. M.K.,* 52 Cal.3d 1009, 278 Cal.Rptr. 64, 804 P.2d 689 (1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 280, 116 L.Ed.2d 232 (1991); *Allstate Ins. Co. v. Roelfs,* 698 F.Supp. 815 (D.Alaska 1987); *Rivera v. Nevada Med. Liability Ins. Co.,* 107 Nev. 450, 814 P.2d 71 (1991); *Allstate Ins. Co. v. Mugavero,* 79 N.Y.2d 153, 581 N.Y.S.2d 142, 589 N.E.2d 365 (1992); *Allstate Ins. Co. v. Troelstrup,* 789 P.2d 415 (Colo.1990). Where intent to injure is inferred as a matter of law from the nature of the act committed, the insured's subjective intent does not matter.

A Texas court cited with approval the district court's decision in this case and ruled that, as a matter of law, touching a child sexually implies intent to inflict injury. *Maayeh v. Trinity Lloyds Ins. Co.,* 850 S.W.2d 193 (Tex.Ct.App.—Dallas 1992). The *Mayeeh* court explained that child molestation cases involve behavior so "extreme" and "outrageous" that intent to injure should be inferred as a matter of law. The court further noted that some cases have recognized a harm inherent in the act of touching a child sexually. *Id.* at 196 (citing *Allstate Ins. Co. v. Kim W.,* 160 Cal.App.3d 326, 332-33, 206 Cal.Rptr. 609, 613 (1984); *People v. Austin,* 111 Cal.App.3d 110, 114-15, 168 Cal.Rptr. 401 (1980); *Horace Mann Ins. Co. v. Leeber,* 180 W.Va. 375, 376 S.E.2d 581, 585-86 (1988)).

We agree with the district court, that under Texas law, as with all jurisdictions that have considered this issue, an intent to injure may be inferred as a matter of law where child molestation is involved. As a result, Dr. Roberts' actions would fall under the "intentional injury" exclusion in his homeowner's insurance policy precluding coverage.

## II.

We now turn to appellants' concurrent causation claim. Appellants contend that the district court erred in refusing to apply the Texas doctrine of concurrent causation. The claim is essentially

that the doctor's negligence set in motion the events that eventually led to his sexual molestation. Appellants contend that such causes of action are concurrent and since negligence is not excluded under the policy, coverage is created. We disagree.

Each and every allegation arises out of the alleged acts of sexual molestation. The claims of negligence are not independent causes-in-fact of the injuries. Finding a separate and distinct duty to defend Dr. Roberts would necessarily require proof of the underlying sexual molestation. The Texas Supreme Court considered a similar issue in *Fidelity and Guar. Ins. Underwriters, Inc. v. McManus,* 633 S.W.2d 787 (Tex.1982). In *McManus,* the insured's son lent a trail bike to a friend and the friend subsequently collided with another person while riding the bike. The homeowner's policy covered the son. The injured person sued the son for negligent entrustment of the bike. *Id.* at 788. The policy excluded any damage or injury caused by the operation or use of a recreational motor vehicle away from the resident premises. *Id.* The court ruled that the insurance company need not defend or indemnify the defendant. *Id.* at 790.

The court emphasized that the accident would not have occurred had the insureds not taken actions outside policy coverage—namely operation and use of a trail bike away from the resident premises. *Id.* at 790. According to the *McManus* court, since the cause of action was predicated on behavior which the policy excluded, the insurance company was not obligated to defend or indemnify the defendant. *McManus* at 788-89.

Appellants attempt to avoid the inescapable fact that the sexual molestation caused the injuries by citing a number of cases which allegedly could provide coverage. In every case cited by appellants the injury in question triggered coverage because the injury was caused in fact by two or more independent acts. In *Warrilow v. Norrell,* 791 S.W.2d 515 (Tex.Ct.App.—Corpus Christi (1989), upon which appellants place the greatest emphasis, the insured's pistol accidentally discharged when he dropped his gun while placing it in a truck in order to assist his friend in changing the truck's flat tire. *Id.* at 517. The insurance policy covered accidents involving firearms, but excluded accidents that occurred during ownership, maintenance, operations, use, loading or unloading of any automobiles. *Id.*

In holding that the policy covered the accident, the *Warrilow* court applied the notion of concurrent causation. The court held that the insured's liability could be based on a finding that both the negligent failure to have the defective gun repaired and the negligent failure to keep an empty chamber under the hammer were the proximate causes of the death. *Id.* at 526. The insured's choice to place his pistol in the vehicle was mere happenstance; he could have easily placed it in any number of places. *Warrilow,* 791 S.W.2d at 526.

In *Warrilow,* the insured acted negligently by both failing to have his gun repaired and failing to take standard safety precautions, which are covered under the policy. As distinguished from the case *sub judice,* these separate acts of negligence contributed to the death in a manner independent of his assistance in repairing the flat tire.

Similarly, appellants claim this court's opinion in *Guaranty Nat. Ins. Co. v. North River Ins. Co.,* 909 F.2d 133 (5th Cir.1990) supports their theory of concurrent causation. In *Guaranty,* this court held an insurer liable for a psychiatric hospital's negligence that resulted in a patient committing suicide by jumping out of a window of the hospital. The policy contained an exclusion for liability arising from medical malpractice and professional services. *Id.* at 134. The court found coverage even though professional and medical negligence, both excluded from the policy, were independent causes of the death. *Id.* at 137.

The jury found the hospital proximately caused the death by failing to monitor the patient, failing to maintain the windows properly, and failing to maintain adequate staff. *Id.* at 134. This court considered the failure to properly maintain windows to be an administrative, business decision and not a professional, medical decision. *Guaranty,* 909 F.2d at 136. The court, concluding that the administrative error was an independent proximate cause of the death, held the insurer liable. *Id.* at 137. *See Cagle v. Commercial Standard Ins. Co.,* 427 S.W.2d 939, 944 (Tex.Civ.App.—Austin 1968, no writ) (holding where loss is caused by covered peril and excluded peril that are independent causes of loss, insurer is liable). In *Guaranty,* the hospital was negligent in three ways, each of which was an independent proximate cause of the death that led to liability.

However, in the instant case, the allegations are not severable and distinct. Dr. Roberts'

intentional acts and his negligent acts converge.  The allegations are not mutually exclusive;  rather, they are related and interdependent.  Without the underlying sexual molestation there would have been no injury and obviously, no basis for a suit against Dr. Roberts for negligence.  *See Centennial Ins. Co. v. Hartford Accident & Indem. Co.,* 821 S.W.2d 192, 194 (Tex.Ct.App.—Houston 1991).  The homeowner's policy excludes coverage for claims involving sexual molestation.  Commercial Union is under no duty to defend Roberts under facts excluded from coverage under the policy.

AFFIRMED.