**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 93-2517
Summary Calendar

GULF STATES INSURANCE CO.,

Plaintiff-Counter
Defendant-Appellee,

versus

ALAMO CARRIAGE SERVICE, ET AL.,

Defendants,

ALAMO CARRIAGE SERVICE, INC.,

Defendant-Counter
Plaintiff-Appellant.


HERJE CARLSSON,

Plaintiff,

versus

ALAMO CARRIAGE SERVICE, INC.,

Defendant-Appellant,

versus

GULF STATES INSURANCE CO.,

Intervenor-Defendant
Appellee.

Appeals from the United States District Court
For the Southern District of Texas
(CA-H-92-1252 C/W CA-H-92-1459)

(April 19, 1994)

Before JOLLY, WIENER, and Emilio M. GARZA, Circuit Judges.

PER CURIAM:[*]

In this declaratory judgment action, Defendant/Counter-Plaintiff/Appellant Alamo Carriage Service, Inc. (Alamo) appeals the district court's grant of summary judgment in favor of Plaintiff/Counter-Plaintiff/Appellee Gulf States Insurance Co. (Gulf States). Alamo also questions whether the district court abused its discretion by awarding attorney's fees to Gulf States; but because it does not brief the issue on appeal, we do not consider it.[1] We conclude that the petition in the underlying litigation alleged facts and claims which, if proved, would clearly be excluded from coverage under Alamo's policy of manufacturers' and contractors' general liability insurance, so that Gulf States had no duty to defend Alamo. Satisfied that Alamo's contention is so meritless as to be frivolous, we dismiss this appeal.

I

FACTS AND PROCEEDINGS

On January 7, 1989, Herje Carlsson, an Alamo employee, was injured while driving a truck owned by Alamo. At the time, Gulf States insured Alamo under a general liability policy. That policy provides in pertinent part:

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1]Morrison v. City of Baton Rouge, 761 F.2d 242, 244 (5th Cir. 1985).

2

Exclusions.
　　This insurance does not apply:
　　　b.　to bodily injury . . . arising out of the . . .
　　　　　operation [or] use . . . of
　　　　　(1)　any automobile . . . owned . . . by
　　　　　　　. . . any insured, or
　　　　　(2)　any other automobile . . . operated by
　　　　any person in the course of his employment by
　　　　　　any insured . . . .[2]

Carlsson filed this personal injury action against Alamo and Gulf States in state court. Carlsson alleged that he was injured while performing an incidental contract for Alamo while driving a "vehicle" that was owned by Alamo. Gulf States appeared and answered for itself, but did not provide a defense for Alamo. Alamo did not appear, and Carlsson took a default judgment against Alamo on liability issues. When Gulf States moved for summary judgment, Carlsson nonsuited Gulf States.

Gulf States then intervened, but Carlsson severed his claims against Alamo and took a default judgment as to Alamo in the principal amount of $415,297.00. Gulf States filed the instant declaratory judgment suit in federal court seeking a declaration thatSQas there was no coverage under the policySQit did not have a duty to defend Alamo, and thus was not liable for the judgment against Alamo. In response, Alamo asserted a cross-claim against Gulf States in the state court action. Gulf States then removed the state court action to federal court, where it was consolidated with the pending declaratory judgment action. The parties were ordered to file cross-motions for summary judgment.

The district court granted Gulf States' motion and denied

---

[2]Emphasis added.

3

Alamo's and Carlsson's motions.  The district court also awarded attorney's fees to Gulf States.  Alamo appeals, asserting that the word "vehicle" in Carlsson's petition is ambiguous, and that Gulf States could not look beyond the "eight corners" of the state court petition and the insurance contract to deny coverage on the basis that the "vehicle" was a truck and thus an "automobile," which clearly would not be covered by the policy.

II

ANALYSIS

A.   <u>Standard of Review</u>

We review the district court's grant or denial of summary judgment de novo, "reviewing the record under the same standards which guided the district court."[3]  Summary judgment is proper when no genuine issue of material fact exists that would necessitate a trial.[4]  In determining on appeal whether the grant of a summary judgment was proper, all fact questions are viewed in the light most favorable to the nonmovant.[5]  Questions of lawSQincluding the construction and effect of an unambiguous contractSQare always decided de novo.[6]

---

[3]<u>Walker v. Sears, Roebuck & Co.</u>, 853 F.2d 355, 358 (5th Cir. 1988).

[4]<u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 323-25, 106 S. Ct. 2548, 2552-54, 91 L. Ed. 2d 265 (1986); <u>see</u> FED. R. CIV. P. 56(c).

[5]<u>Walker</u>, 853 F.2d at 358.

[6]<u>Id.</u>; <u>Calpetco 1981 v. Marshall Exploration, Inc.</u>, 989 F.2d 1408, 1413 (5th Cir. 1993).

B.   Contract Exclusion:  No Duty to Defend

If the policy did not cover Carlsson's injury or damage, then Gulf States owed Alamo no duty to defend.[7]  Under Texas law, a court determines an insurer's duty to defend by examining the allegations in the petition filed against the insured and the relevant insurance policy.[8]  For such a duty to be established, the pleadings must allege a claim that is "potentially" covered by the applicable policy.[9]  But when the plaintiff's petition makes allegations which, if proved, would place the plaintiff's claim within an exclusion from coverage, there is no duty to defend.[10]

If all facts alleged by Carlsson were proved, his claim clearly would fall within the automobile exclusion.  Alamo's contention that the word "vehicle" may or may not be encompassed in the policy term "automobile," and that the automobile exclusion does not necessarily apply, evokes such adjectives as nonsensical, specious, fatuous, and frivolous, to name but a few.  The tenor of Alamo's argument is that the word "vehicle" as used in Carlsson's state court petition is ambiguousSQthat it could refer to

---

[7]T. C. Bateson Constr. Co. v. Lumbermens Mut. Casualty Co., 784 S.W.2d 692, 699 (Tex. App.SQHouston [14th Dist.] 1989, writ denied).

[8]Enserch Corp. v. Shand Morahan & Co., 952 F.2d 1485, 1492 (5th Cir. 1992).

[9]Fidelity & Guar. Ins. Underwriters v. McManus, 633 S.W.2d 787, 788 (Tex. 1982).

[10]Id.

"automobile"[11] or "mobile equipment,"[12] and that if Carlsson were operating "mobile equipment" when he was injured, then there was coverage under the policy and Gulf States was required to defend the suit against Alamo. Although such a contention might prompt a law school exam grader to give extra credit for imagination, it has no place in a court of record.

Carlsson's petition alleges that he was driving a vehicle owned by Alamo on a public road when the vehicle he was in was rear-ended, struck on the side, and struck a third time in the driver's side door.[13] He was driving the vehicle to carry out a mission for his employerSQto sell Alamo Carriage Service Driving Academy to a Houston-based proprietary school. Nothing in the petition suggests that Carlsson was operating some sort of "mobile equipment" as distinguished from an automobile; to the contrary, every fact alleged confirms that he was driving a motor vehicle, i.e., an automobile.

The district court correctly held that Carlsson's petition did

[11]"Automobile" was defined as a land motor vehicle designed for travel on public roads, but does not include mobile equipment.

[12]"Mobile equipment" is defined in the policy as a land vehicle (1) not subject to vehicle registration, (2) maintained for use exclusively on the premises of the insured, (3) designed for use off road, or (4) designed for the sole purpose of affording mobility to heavy duty equipment.

[13]Alamo asks us to consider that Alamo's business was to operate horse-drawn carriages, and that a horse-drawn carriage comes within the definition of "mobile equipment." Alamo suggests therefore that Carlsson's claim that he was operating a "vehicle" is potentially within the policy coverage. We are unfamiliar with horse-drawn carriages that have a driver's side door.

not allege any claim covered by the insurance policy.  Thus, given the obvious applicability of the automobile exclusion, there could be no duty to defend.

III

CONCLUSION

For the foregoing reasons, this appeal is dismissed as frivolous.[14]

DISMISSED.

---

[14]See 5TH CIR. R. 42.2.