*Samarov v. Bondi*

BIA
Reid, IJ
A220 640 443

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-five.

PRESENT:
      MICHAEL H. PARK,
      BETH ROBINSON,
      MYRNA PÉREZ,
         *Circuit Judges.*

_____

SUHROB MUKHIDINOVICH SAMAROV,
      *Petitioner*,

      v.                    **24-771**
                                   **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

**FOR PETITIONER:**                    David Molot, Law Office of David Molot, New York, NY.

**FOR RESPONDENT:**                    Brian Boynton, Principal Deputy Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Suhrob Mukhidinovich Samarov, a native and citizen of Uzbekistan, seeks review of a February 23, 2024, decision of the BIA affirming a May 31, 2022, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Suhrob Mukhidinovich Samarov*, No. A220 640 443 (B.I.A. Feb. 23, 2024), *aff'g* No. A220 640 443 (Immigr. Ct. N.Y.C. May 31, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

We review the agency's factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

"We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted); *see also* Fed. R. App. P. 28(a)(8)(A) (providing that "the argument" in an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). In his brief, Samarov states the law, quotes testimony, closing statements, and the IJ's decision in his case, and restates his claims for asylum and withholding of removal, but he does not identify a legal or factual error in the agency's decisions or even restate his CAT claim and thus has abandoned review of all forms of relief. *See Debique*, 58 F.4th at 684–85 (finding petitioner abandoned any arguments by failing to "state the issue *and* advance an

3

argument").[1]

Even considering Samarov's conclusory statements that his past harms cumulatively rose to the level of persecution, that he was persecuted because of his ethnicity, and that there is a pattern or practice of persecution of Tajiks, *see* Petitioner's Br. at 24–26, the agency did not err. As the agency found, even considered cumulatively, the harassment Samarov's children faced, his inability to file a second complaint in the case of the theft of his car, his two-day detention in the customs offices without physical harm, and being hit twice by a loan shark's assistant did not rise to the level of persecution because he was not severely beaten or injured. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (recognizing that the difference between harassment and persecution must be assessed in the context of mistreatment, where any physical degradation intended to cause pain, humiliation, or suffering can rise to persecution if it occurs during an arrest or detention based on a protected ground); *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every

[1] We note that the brief submitted by Samarov's attorney, David Molot, is inadequate and warn that future briefing of this quality may result in discipline. Error cannot be shown by simply repeating the agency's conclusions and changing words in them. *Compare* Petitioner's Br. at 25, *with* Certified Administrative Record at 5 (BIA Dec.).

4

sort of treatment our society regards as offensive." (quotation marks omitted)); *cf. Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in the agency's determination that an alien failed to establish past persecution when "*prior* to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect"). Because Samarov did not demonstrate past persecution, he was not entitled to a presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1).

The agency did not err in finding that Samarov failed to establish that the harms he suffered and his fears of future harm were or would be on account of his Tajik ethnicity. Samarov was required to establish that his Tajik ethnicity was "at least one central reason" that motivated the alleged persecution. *See Quituizaca v. Garland*, 52 F.4th 103, 105 (2d Cir. 2022). The IJ's conclusion that Samarov failed to establish that his Tajik ethnicity was not "the one central reason" for the alleged persecution, however, imposed an incorrect and overly stringent standard. *See Acharya v. Holder*, 761 F.3d 289, 292 (2d Cir. 2014) (applying an "incorrect and overly stringent legal standard" in requiring the petitioner to prove his political opinion was "the central reason" for persecution). In any event, the BIA correctly

5

recognized that Samarov's ethnicity does not need to be *the* central reason for the harm, but only at least one central reason.

Applying the correct standard here, Samarov did not testify or present direct or circumstantial evidence that customs and court officials prevented him from leaving customs offices and fined him on account of his ethnicity rather than for violating import laws, and he testified that the loan shark assaulted him because he failed to repay a debt. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) ("But since the statute makes motive critical, he must provide *some* evidence of it, direct or circumstantial."); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (holding that an asylum "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]."); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("[G]eneral crime conditions are not a stated ground" for asylum). Ultimately, Samarov failed to provide evidence that he was or would be singled out for persecution on account of a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Yueqing Zhang*, 426 F.3d at 545, 547–48.

The agency also did not err in concluding that Samarov failed to establish a pattern or practice of persecution of Tajiks in Uzbekistan. Country conditions

evidence reflects that millions of Tajiks live in Uzbekistan and enjoy equal rights, and that violence and discrimination against ethnic minorities are rare. *See* 8 C.F.R. § 1208.13(b)(2)(iii) (providing that an asylum applicant need not show a well-founded fear of being "singled out" for persecution if "[t]he applicant establishes that there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated"); *Mufied v. Mukasey*, 508 F.3d 88, 92–93 (2d Cir. 2007) (recognizing as reasonable the "systemic, pervasive, or organized" standard for finding a pattern or practice of persecution).

In sum, the agency reasonably found that Samarov did not satisfy his burden for asylum or withholding of removal because he failed to show that he suffered past persecution or that he has an objectively reasonable fear of future persecution on account of his ethnicity. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7