SOUTHERN PACIFIC TRANSPORTA-TION COMPANY et al., Appellants,

v.

RAILROAD COMMISSION OF TEXAS et al., Appellees.

No. 13072.

Court of Civil Appeals of Texas, Austin.

Dec. 19, 1979.

Rehearing Denied Jan. 9, 1980.

John J. McKay, Robert B. Burns, Jr., McKay & Burns, Austin, for appellants.

Mark White, Atty. Gen., J. Scott Wilson, Asst. Atty. Gen., Austin, for Railroad Commission.

Harvey F. Cohen, Clark, Thomas, Winters & Shapiro, Austin, for Austin Pipe and Supply Co., and Austin Metal and Iron Co.

SHANNON, Justice.

Appellees Austin Pipe and Supply Company and Austin Metal and Iron Company filed a complaint with the Railroad Commission of Texas seeking an order requiring appellants Southern Pacific Transportation Company and Southern Pacific Industrial Development Company to re-establish and maintain the spur track that appellants unilaterally removed in November, 1976. The Commission, after hearing, entered an order requiring appellants to re-establish and maintain the track.

Appellants filed suit in the district court of Travis County to set aside the Commission's order, and after trial that court entered judgment affirming the Commission's order. We will reverse the judgment.

Appellees have been engaged in the scrap metal and salvage business at East Fourth and Medina Streets in Austin for many years. For at least thirty years appellants have owned rail spur number thirty-four located on appellees' premises. Appellees also lease from appellants property located north across Fourth Street. Those premises are served by two different spur tracks.

Appellees do not claim any character of title in and to track thirty-four. There is no evidence, and hence no Commission finding, concerning whether the Commission ordered the initial construction of the spur or whether the parties installed the spur track by private agreement.

In November of 1976, a bulldozer crew at appellants' direction removed about three hundred feet of spur track number thirty-four up to appellees' property line leaving appellees with a track "that went nowhere." Appellants did not seek, nor obtain, approval from the Railroad Commission to remove the track. Before its removal, spur track number thirty-four was in poor condition and had been taken "out of service" by the railroad roadmaster because of several derailments.

Immediately prior to the removal of the track, appellees' use of it had not been extensive. Appellees had constructed expensive equipment adjacent to the spur track to aid in loading scrap metal into the railroad cars. After appellants removed the spur track, appellees continued to load railroad shipments by crane at some greater inconvenience from the part of the plant south of Fourth Street.

At the time of the entry of the administrative order, the replacement cost of track number thirty-four was between $50,000 and $56,000.

Appellants attack the judgment by three points of error. The heart of the appeal is appellants' contention that they were not obligated to obtain authority from the Railroad Commission before taking up the spur track. If appellants were required by statute to obtain permission from the Commission to abandon or remove the spur track, then the Commission most probably had implied power under the statute to enter the order requiring appellants to replace

the track. If, however, the Commission were not so empowered, then it follows that the Commission was not warranted in ordering appellants to re-establish the track.

Texas Rev.Civ.Stat.Ann. art. 6350 (1926) governs the abandonment, change, or relocation of railroad *lines* within cities containing fifty thousand or more inhabitants. Article 6350 provides that should the railroad corporation desire an abandonment of its *line,* its petition supported by the signatures of five hundred resident citizens must be approved by the governing body of the city. Thereafter, the railroad corporation must file a petition with the Railroad Commission requesting the abandonment. If after hearing, the Commission is satisfied that the public interest will be served by authorizing the abandonment, the Commission shall grant the petition.

Article 6350 has been held to refer to railroad *lines* and not to switch or spur tracks. *U. S. Coffee & Tea Co. v. Texas & Pacific Ry. Co.,* 280 S.W.2d 290 (Tex.Civ. App.1955, writ ref'd n. r. e.). Because we regard *U. S. Coffee & Tea Co.* as controlling, our analysis of that opinion is set fourth in some detail. In that case the railroad company filed a declaratory judgment suit in district court to determine its unrestricted right to remove certain switch tracks within the City of Dallas. The parties opposing the suit were owners or occupants of improved business lots adjacent to the switch tracks. Prior to filing suit for declaratory judgment, the railroad company had petitioned the Railroad Commission for permission to remove the tracks. After hearing, the Commission authorized the removal of the tracks. Because there was no administrative appeal, the order of the Railroad Commission became final. Upon trial in the declaratory judgment suit, the district court entered judgment decreeing that the railroad had the unrestricted right to remove the tracks.

Appellants in *U. S. Coffee & Tea Co.* insisted that Art. 6350 prescribed the only method for the railroad company to abandon the switch tracks, and that the railroad company had not followed the procedures set out in the statute. It may be inferred from reading the opinion that the railroad company had not obtained authorization to remove the tracks from the governing body of the City of Dallas.

The Dallas Court of Civil Appeals held that Art. 6350 was not applicable to switch tracks ". . . [T]he word 'line' as used [in Art. 6350] refers to that part of a railroad serving as a connecting link between separate localities as distinguished from mere service or auxiliary tracks, commonly designated as sidings or spurs; a railroad line, generally, meaning [*sic*] a 'regular line of vehicles for public use operated between distant points or between different cities . . .' * * * Obviously it was the Legislative intent by enactment of Art. 6350 to protect a city, so populated, from a complete deprivation of its railroad facilities except upon due adherence to statutory procedure; in no wise applicable, however, to a recurring necessity for removal or relocation of railroad service tracks incident to city growth and expansion. A construction of Art. 6350 requiring of appellee the obtainance of signatures of 500 resident citizens before removal of mere auxiliary tracks, in *our opinion would render it unduly oppressive and burdensome;* in short, of questionable validity as an unreasonable exercise of the police power."

The Railroad Commission, in the case at bar, claims that the Dallas Court of Civil Appeals in *U. S. Coffee & Tea Co.* grounded the railroad company's right to remove the tracks upon the *Commission's order authorizing such removal,* "thereby impliedly recognizing Commission authority to approve such abandonment." It is true that the railroad company had applied for and received permission to remove the tracks. The holding of *U. S. Coffee & Tea Co.* is, however, that Art. 6350 is only applicable to the abandonment, change, or relocation of a *line,* and not to an auxiliary switch or spur track. Accordingly, the fact that authorization from the Commission was obtained is superfluous and of no significance.

The Commission's order recited the statutory authority for its entry. In defense of

the district court's judgment and in support of the agency order, appellees also rely upon those statutes: Tex.Rev.Civ.Stat.Ann. arts. 6509, 6510, 6514, 6515, 6516, 6517, and 6518. Prior to examination of the statutes it should be observed that an administrative agency, such as the Railroad Commission, has only such powers as are expressly granted to it by statute, together with those necessarily implied from the authority conferred or duties imposed. *Stauffer v. City of San Antonio,* 162 Tex. 13, 344 S.W.2d 158 (1961); *Railroad Commission of Texas v. Red Arrow Freight Lines, Inc.,* 96 S.W.2d 735 (Tex.Civ.App.1936, writ ref'd); *Nueces Co. Water C. & I. Dist. v. Texas Water Rights Commission,* 481 S.W.2d 924 (Tex.Civ.App.1972, writ ref'd n. r. e.).

Article 6509 requires all railroads in Texas to build sidings and spur tracks to handle tendered business when ordered to do so by the Commission. Article 6510 empowers the Commission to prescribe reasonable regulations in connection with the enforcement of Art. 6509. The Commission, pursuant to Art. 6514, shall set rates for spur tracks and shall compel the operation of spur tracks to prevent discrimination. Article 6515 enjoins railroads to construct or maintain spur tracks to prevent discrimination. Article 6516 provides for monetary penalties for violations of the orders of the Commission in connection with spur tracks. Article 6517 confers a private cause of action upon any person damaged by a railroad's violation of the statutes dealing with spur tracks. Article 6518, among other things, empowers the Commission to arrange, re-arrange, or relocate ". . . railroad tracks, switches and depot buildings at railroad stations . . ."

The above analysis demonstrates that the legislature has not expressly granted to the Commission by these statutes the power to order the re-establishment of a pre-existing spur track. Neither can such power in the Commission be necessarily implied from the authority conferred or duties imposed by such statutes. *Stauffer v. City of San Antonio, supra.*

It is plain that the legislature intended to, and did in fact, treat abandonment of railroads in Art. 6350. It is equally plain that Art. 6350 has been construed not to apply to spur tracks. *U. S. Coffee & Tea Co. v. Texas & Pacific Ry. Co., supra.* We can accept appellees' argument that there *should* be legislation regulating the abandonment of spur tracks, but most would agree that the enactment or amendment of legislation is ". . . properly the function of the legislature and not of the judiciary." *McInnis v. State,* 23 Tex.Sup.Ct.J. 86 (Nov. 28, 1979). Deficiencies in the laws regulating an industry ". . . will not justify a court's excursion beyond its proper sphere in order to plug a hole or cure a supposed defect in the legislative scheme of things." *State v. Reyna,* 333 S.W.2d 832 (Tex.1960).

Because appellants were not required to obtain authorization from the Railroad Commission before they removed the spur track, the Commission's order that appellants re-establish the spur track is without force and effect.

The judgment of the district court is reversed, and the judgment that the district court should have entered is here rendered: that the order of the Railroad Commission be set aside and held for naught.

Reversed and Rendered.