Robert A. BAKER, Appellant,

v.

GUARANTY NATIONAL INSURANCE COMPANY, Appellee.

No. 13214.

Court of Civil Appeals of Texas, Austin.

April 15, 1981.

Rehearing Denied May 13, 1981.

Karl H. Moeller, Hooper, Robinson & Moeller, Austin, for appellant.

Wayne Prescott, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

SHANNON, Justice.

Appellant Robert A. Baker sued appellee Guaranty National Insurance Company in the district court of Travis County upon a judgment for $16,320 that he had taken previously against appellee's insured, Gregory N. Small. Appellee insurance company filed a motion for summary judgment predicated upon its insured's failure to comply with the notice provision of the insurance policy. After hearing, the district court rendered summary judgment that appellant take nothing. This Court will affirm the summary judgment.

By a single point of error, Baker claims that the condition in the insurance policy requiring notice to the insurer is an "unnecessary and unlawful condition to coverage."

The summary judgment proof showed the following. In the spring or summer of 1977, Small, doing business as Small Pest Control, inspected improved realty that Baker was under contract to purchase. Small represented to Baker that the improvements were free from termites. Baker purchased the property and, thereafter, discovered active termite infestation in the improvements, thereby diminishing the value of the property.

Baker's counsel made demand upon Small. Afterwards, appellee insurance company investigated the claim and entered into settlement negotiations with Baker, but was unwilling to meet Baker's demand for settlement. On November 10, 1977, appellee's claims supervisor wrote Small advising him to forward the suit papers should Baker file suit.

Baker filed suit against Small on December 1, 1977, in the district court of Travis County. When suit was filed and Small was served, he made the conscious decision not to involve his insurance company, thinking that ". . . in the long run, it would be in my best interest to assume responsibility for this claim without involving the insurance company." Small, therefore, did not notify appellee that suit had been filed, and he further instructed his personal attorney not to notify appellee.

On May 8, 1979, after trial to a jury, the district court of Travis County rendered judgment for Baker against Small for $16,320. Small never notified appellee that Baker had obtained a judgment against him. On June 2, 1979, Baker then filed suit against appellee on that judgment. Appellee's first notice that any suit had been filed against Small was service of the citation and petition in Baker's suit against it.

Appellee, of course, was never given the opportunity to control the litigation between Baker and Small or to interpose a defense in that suit.

The basis for the summary judgment is found in paragraphs 4(b) and 5 of the Conditions of the insurance policy:

"4(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

"5. Action Against Company: No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy. . . . ."

For reversal of the order of summary judgment, Baker relies in general upon 1975 Tex.Gen.Laws, ch. 709, § 6 at 2254, the Texas Structural Pest Control Act. That Act created the Texas Structural Pest Control Board and charged the Board with the responsibility, among other things, to develop standards and criteria for licensing persons engaged in the business of structural pest control. Baker relies specifically upon Section 7A(a)(1) of the Texas Structural Pest Control Act, which provides:

"Sec. 7A. (a) After February 29, 1976, the Board may not issue or renew a Structural Pest Control Business License until the license applicant:

"(1) files with the board a *policy or contract of insurance* approved, as to sufficiency, by the board in an amount of not less than $30,000, *insuring him against liability* for damages occurring as a result of operations performed in the course of the business of structural pest control to premises under his care, custody, or control ..." (Emphasis added).

Baker urges that Sec. 7A(a)(1) renders unenforceable the condition in the insurance policy requiring the insured to immediately forward suit papers served upon him. Specifically, Baker claims that Sec. 7A(a)(1) requires a "no notice" bond to be filed with the Board by a person engaged in the structural pest control business.

 Distinctions between sureties and indemnitors are, of course, recognized in this state. *Tolbert v. Standard Accident Ins. Co.*, 148 Tex. 235, 223 S.W.2d 617 (1949). The distinction that is controlling in the case at bar involves notice. Under surety law, a surety on a judgment bond need not be given notice of suit or an opportunity to defend the suit before it is bound by the judgment. *Howze v. Surety Corp. of America*, 584 S.W.2d 263 (Tex. 1979); *United States Fidelity & Guaranty Co. v. Paulk*, 15 S.W.2d 100 (Tex.Civ.App. 1929, no writ); *Browne v. French*, 22 S.W. 581 (Tex.Civ.App.1893, no writ). To the

contrary, provisions in an insurance policy requiring the insured to give notice of suit to an insurer are valid and enforceable, and their observance by the insured is a condition precedent to the insurer's liability on the policy. *Weaver v. Hartford Acc. & Indem. Co.*, 570 S.W.2d 367 (Tex.1978); *Members Mutual Insurance Company v. Cutaia*, 476 S.W.2d 278 (Tex.1972); *Klein v. Century Lloyds*, 154 Tex. 160, 275 S.W.2d 95 (1955); *New Amsterdam Casualty Co. v. Hamblen*, 144 Tex. 306, 190 S.W.2d 56 (1945).

Baker insists, in this connection, that *Howze v. Surety Corp. of America, supra,* requires reversal of the summary judgment. *Howze* involved a bond required to be filed by a mobile home dealer pursuant to the Texas Mobile Homes Standards Act, Tex. Rev.Civ.Stat.Ann. art. 5221f(13)(c). When suit was filed against the dealer, he did not notify the surety company. The surety contended that the judgment taken against the dealer was not binding upon it because it had no notice of suit. In its opinion in *Howze*, the Supreme Court observed the established rule that when a surety agrees to be liable for a particular judgment, then no notice need be given. On the other hand, when a surety contracts to be generally liable for all the undertakings of the principal, the surety must be given notice and an opportunity to defend the case before it is bound by the judgment. The Supreme Court concluded that the bond required by the Texas Mobile Homes Standards Act was a "judgment" bond, and not a "general undertaking" bond, so that notice to the surety was not required in order to bind the surety.[1]

This Court, of course, recognizes the holding in *Howze*, but is of the view that *Howze* does not resolve the problem in the instant case.

 Baker argues that the Texas Structural Pest Control Act requires a "no notice" bond of the same sort required by the Texas Mobile Homes Standards Act, and

---

1. It is of interest that subsequent to the time suit was filed in *Howze*, the Legislature amended the Texas Mobile Homes Standards Act to provide for notice to be given by the enforcing agency to a surety of any claim against the bond.

involved in *Howze.* Such argument ignores the particular wording of Sec. 7A(a)(1) of the Texas Structural Pest Control Act. Section 7A(a)(1) employs indemnity insurance phrases such as: " . . . a policy or contract of insurance"; "insuring him against liability"; and "from an insurance company."

To the contrary, the Texas Mobile Homes Standards Act, Art. 5221f(13) uses surety language: " . . . required to file a performance bond"; "The bond shall be a surety bond issued by a company"; "The bond shall be to the state for the use by a consumer . . ."; " . . . may recover against the principal or surety jointly and severally"; and "The bond shall be open to successive claims up to the amount of face value."

Surely, two different types of relationships are contemplated by the "particular wording of the statute in question." *Howze v. Surety Corp. of America, supra,* at p. 264. Article 5221f(13) utilizes surety language and requires a judgment bond. Article 135b–6, 7A(a)(1), on the other hand, requires an indemnity insurance contract. Had the Legislature intended the Texas Structural Pest Control Act to require a judgment bond, it would have made use of the same language it chose to employ in Art. 5221f(13).

The Texas Structural Pest Control Act, Section 7A(a)(1), simply provides that the Board may not issue or renew a license to engage in the business of structural pest control unless the applicant files with the Board "a policy or contract of insurance" approved by the Board insuring the applicant against liability arising from his operations in the structural pest control business. Nothing in Sec. 7A(a)(1) provides or even remotely suggests that notice of suit conditions in insurance policies are unenforceable. Baker, in effect, invites this Court to rewrite Sec. 7A(a)(1) by inserting a provision that would render unenforceable conditions in insurance policies that required insureds to forward to their insurers suit papers served upon them.

It may be that the Legislature should amend Sec. 7A(a)(1) so as to render unenforceable notice provisions in insurance policies filed with the Board.[2] Possibly, the Board by rule could accomplish the same result by withholding approval of insurance policies that contained such notice provisions. All would agree, however, that the amendment of the statute or promulgation of a rule is the function of the Legislature or agency, respectively, and not that of the courts. Deficiencies in the laws regulating an industry " . . . will not justify a court's excursion beyond its proper sphere in order to plug a hole or cure a supposed defect in the legislative scheme of things." *State v. Reyna,* 160 Tex. 404, 333 S.W.2d 832 (1960); *So. Pac. Transp. Co. v. Railroad Comm'n of Tex.,* 592 S.W.2d 74 (Tex.Civ.App.1979, writ ref'd n. r. e.); *Railroad Comm'n of Texas v. Atchison, Topeka & Santa Fe Railroad Co.,* 609 S.W.2d 641 (Tex.Civ.App.1980, writ ref'd n. r. e.).

The judgment is affirmed.

Affirmed.

POWERS, J., not sitting.

---

**2.** Legislation to that effect exists with respect to automobile liability insurance policies that are certified pursuant to the Texas Safety Responsibility Act, Tex.Rev.Civ.Stat.Ann. art. 6701h. Section 21(f)(1) of that Act specifically provides that "no violation of such policy shall defeat or void such policy." Accordingly, liability with respect to those policies is absolute, and the insured's failure to provide notice of an accident or suit provides no defense to the insurer. *Lumbermen's Mutual Insurance Company v. Grayson,* 422 S.W.2d 755 (Tex.Civ.App. 1967, writ ref'd n. r. e.).