**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-20034
_____

SCOTTSDALE INSURANCE COMPANY,

Plaintiff-Appellee,

VERSUS

TEXAS SECURITY CONCEPTS AND INVESTIGATION, et al,

Defendants,

KIMBERLEY BARNES and ROLANDA WILLIAMS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-1742)
_____

January 7, 1999

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Scottsdale Insurance Company ("Scottsdale") filed this declaratory judgment action to determine whether coverage exists under one of its liability policies. We must decide whether the Assault and Battery Exclusion in Scottsdale's policy violates Texas public policy and is therefore void. We answer this question in the negative and affirm the district court's judgment.

I.

In the case underlying this appeal, Kimberley Barnes and

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rolanda Williams alleged that in December 1993 they were unlawfully restrained, falsely imprisoned, assaulted, and raped in a Houston area apartment complex. According to Barnes and Williams, Texas Security Concepts ("Texas Security"), the company that provided security at the apartment complex, negligently failed to provide proper security. Texas Security was insured by a Scottsdale liability policy. Scottsdale filed an action for declaratory judgment seeking a determination that it provided no coverage and thus had no duty to defend or to indemnify Texas Security for losses related to the underlying suit.

Defendants Texas Security and Raleigh Randal Hanks, a Texas Security employee, were served, but did not appear. The district court granted summary judgment against these defendants. Barnes and Williams answered Scottsdale's complaint. Scottsdale then filed a motion for summary judgment against Barnes and Williams. Scottsdale denied that it had any duty to defend or to indemnify Texas Security in the underlying lawsuit because of the liability policy's Assault and Battery Exclusion. Barnes and Williams responded and filed a cross-motion for summary judgment. The district court granted summary judgment in favor of Scottsdale. Barnes and Williams now appeal.

Barnes and Williams make two main arguments: (1) the Assault and Battery Exclusion is void as against Texas public policy; and (2) some of the claims that they assert do not fall within the Assault and Battery Exclusion.

II.

A.

2

Barnes and Williams argue first that the Assault and Battery Exclusion is void as against Texas public policy as expressed in Texas Revised Civil Statute Art. 4413(29bb), § 40(a), which regulates the licensing of private security agencies. This statute requires that the licensing board verify that the security agency applying for a license holds a general insurance policy that will cover "all sums which the licensee becomes legally obligated to pay as damages because of bodily injury, property damage, or personal injury, caused by an event involving the principal, its servants, officers, agents or employees in the conduct of any business licensed under this Act."

Barnes and Williams contend that the Assault and Battery Exclusion violates this statute and is therefore void as against Texas public policy. In response, Scottsdale contends that statutes regulating the amount or kind of insurance that businesses must purchase cannot operate to modify the terms of the policy that is actually purchased. As Scottsdale puts it, "If the businessman does not purchase the required policy, it is between him and the regulating agency," citing Baker v. Guaranty National Insurance Co., 615 S.W.2d 303, 306 (Tex. Civ. App. 1981).

The Texas statute under consideration is regulatory in nature and is addressed to the security business. When considering a similar challenge to a similar statute, the Louisiana Supreme Court determined, among other things, that the insurance requirement for the licensing of private security agents was directed to the security agent, not the insurance company. Hickey v. Centenary Oyster House, 1998 WL 727424, *9 (La. 1998). We agree with the

3

reasoning of the Louisiana court. The Texas statute is regulatory in nature and does not affirmatively establish a public policy of the state that would override the parties' agreement. See Aero International, Inc. v. United States Fire Ins. Co., 713 F.2d 1106, 1109 (5th Cir. 1983) ("Without an affirmative expression of an overriding public policy by the [state] courts or legislature, we are constrained to enforce the parties' agreement according to its plain meaning."); Fidelity & Deposit Co. of Maryland v. Conner, 973 F.2d 1236, 1241 (5th Cir. 1992) (public policy exception "to be applied cautiously and only in plain cases involving dominant public interests").[1]  Therefore, we agree with the district court that the Assault and Battery Exclusion in Scottsdale's policy is not unenforceable as against public policy.

B.

In addition, Barnes and Williams argue that they asserted "personal injury" claims for false imprisonment that are distinct from those that fit under the Assault and Battery Exclusion. They argue that, under Texas law, when a loss is caused by both a covered peril and an excluded peril, the insurer is liable, citing Guaranty National Insurance Co. v. North River Insurance Co., 909 F.2d 133, 137 (5th Cir. 1990).  In response, Scottsdale argues that the claims for false imprisonment and forcible restraint are so interrelated to the rape and assault claims that they are also

---

[1]  Barnes and Williams make the additional argument that because Scottsdale certified that it had issued Texas Security an insurance policy that satisfied the Texas private security insurance statute, it is directly implicated by the public policy argument.  We disagree.  Scottsdale's certification expressly stated that the certification did not expand the policy's coverage in any way.

4

excluded by the Assault and Battery Exclusion.

When an exclusion precludes coverage for injuries "arising out of" described conduct, the exclusion is given a broad, general, and comprehensive interpretation. A claim need only bear an incidental relationship to the described conduct for the exclusion to apply. American States Ins. Co. v. Bailey, 133 F.3d 363, 370 (5th Cir. 1998).

While Guaranty National does hold that when a loss is caused by a covered act and a noncovered act the loss is covered, 909 F.2d at 137, the two acts in that case were completely independent. The Guaranty National court noted that under Texas law an insured is not liable when a covered peril and a noncovered peril concurrently cause a loss. In this case, the rape, assault, and unlawful restraint all occurred concurrently and as part of the same sequence of events. Also in contrast to Guaranty National, the alleged negligence on the part of Texas Security is the same for both the assault claim and the false imprisonment claim. See Commercial Union Ins. Co. v. Roberts, 7 F.3d 86, 89-90 (5th Cir. 1993) (noting importance of whether allegations are distinct or involve the same conduct by the defendant); Burlington Ins. Co. v. Mexican American Unity Council, Inc., 905 S.W.2d 359, 362-63 (Tex. Ct. App. 1995) (same). Thus, because Barnes's and Williams's false imprisonment claims are based on the same alleged negligence as the claims excluded by the Assault and Battery Exclusion, the policy excludes the claims.

CONCLUSION

Finding no error with the district court's summary judgment

5

decision, we AFFIRM.