United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 06-20464
_____

GEMINI INSURANCE CO,

Plaintiff-Appellee,

versus

THE ANDY BOYD CO LLC; ABCO PRODUCTS INC; ANDREW BENNETT BOYD; FILIBERTO FUENTES,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
4:05-CV-1861

_____

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Before the court is an appeal of the district court's grant of summary judgment. We affirm.

**FACTS AND PROCEEDINGS**

Air Starter Components, Inc. ("ASC") is a manufacturer and distributor of air starters, air

tools, and other component parts. Filiberto Fuentes is a former employee of ASC who quit and went

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

to work for The Andy Boyd Company ("ABCO").  Specialized Components, a part of ABCO, is a direct competitor of ASC.

ASC filed a lawsuit against Fuentes, ABCO, and Andy Boyd (personally), alleging that Fuentes made copies of confidential customer lists and other customer information prior to his departure from ASC for ABCO.  ASC alleges that ABCO used this information to market its products to ASC's customers, including direct mailings to these customers.  ASC claims that this resulted in ABCO obtaining business from seventeen of ASC's customers and caused $4 million in "lost profits and lost sales."

Gemini Insurance Company ("Gemini") had issued an insurance policy to ABCO.  Gemini sought a declaratory judgment in federal court that it did not have a duty to defend in the ASC-ABCO litigation.  ABCO filed a counterclaim, and both sides moved for summary judgment.  The district court granted summary judgment in favor of Gemini, finding that the policy did not cover the allegations in the complaint and that both the criminal conduct and breach of contract exclusions applied.  ABCO timely appealed.

Because we hold that the breach of contract exclusion applies to the complaint in its entirety, we affirm the judgment of the district court without reaching any of the other issues.

## STANDARD OF REVIEW AND LEGAL STANDARDS

The district court's grant of summary judgment is reviewed de novo.  *Shell Offshore Inc. v. Babbitt*, 238 F.3d 622, 627 (5th Cir. 2001).  The district court's grant of "[s]ummary judgment is appropriate if the record shows 'that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" *Id*. (quoting FED. R. CIV. P. 56(c)).  In the summary judgment context, the court "views the evidence in the light most favorable to the non-movant."

*Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). If a reasonable jury could return a verdict for the non-movant, a genuine issue of material fact exists and summary judgment is not proper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under the applicable Texas law, the insurer bears the burden of proving that a policy exclusion applies. *See Sentry Ins. Co. v. R.J. Weber Co.*, 2 F.3d 554, 556 (5th Cir. 1993). "Exceptions and rules of limitation in an insurance contract are strictly construed against the insurer." *Bituminous Cas. Corp. v. Maxey*, 110 S.W.3d 203, 213 (Tex. App. 2003).

## DISCUSSION

ABCO's insurance contract contains an exclusion for personal and advertising injury "arising out of a breach of contract, except an implied contract to use another's advertising idea in your 'advertisement.'" Gemini argues, and the district court agreed, that this exclusion applies to the factual allegations at issue. Count IV of ASC's complaint alleges that Fuentes breached his non-disclosure agreement with ASC by his actions. On appeal, ABCO essentially concedes that the allegations against Fuentes himself arise from this breach of contract. It argues, however, that some of the claims do not arise from this breach of contract.

Texas law states that "when an exclusion prevents coverage for injuries 'arising out of' particular conduct, '[a] claim need only bear an *incidental relationship* to the described conduct for the exclusion to apply.'" *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 458 (5th Cir. 2003) (alteration in original) (quoting *Scottsdale Ins. Co. v. Tex. Sec. Concepts & Investigation*, 173 F.3d 941, 943 (5th Cir. 1999)). Such exclusions are "given a broad, general, and comprehensive interpretation." *Scottsdale Ins. Co.*, 173 F.3d at 943. In addition, "'[a]rising out of' are words of much broader significance than 'caused by.' They are ordinarily understood to mean 'originating

- 3 -

from[,]' 'having its origin in,' 'growing out of[,]' or 'flowing from,' or in short, 'incident to, or having connection with' . . . ." *EMCASCO Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 524–25 (5th Cir. 2006).

ABCO argues in cursory fashion that the breach of contract exclusion should not apply to it because only Fuentes breached a contract and the insurance policy contained a separation-of-insureds provision, which states that the policy functions as a separate policy for each insured. Accompanying this argument is a lone citation to *King v. Dallas Fire Ins. Co.*, which addressed the applicability of a separation-of-insureds provision to an intentional injury exclusion. 85 S.W.3d 185 (Tex. 2002). In *King*, the Supreme Court of Texas distinguished *Fidelity & Guarantee Insurance Underwriters, Inc. v. McManus*, 633 S.W.2d 787 (Tex. 1982), on the basis that in *McManus*, "the exclusion was premised on a readily determined fact—whether the recreational motor vehicle was being used away from the residence," whereas in *King*, intent was at issue. 85 S.W.3d at 189. At least in this respect, the present situation is analogous to *McManus*—whether or not the injury arose from a breach of contract is readily determined. Furthermore, in *Lincoln General Insurance Co. v. Reyna*, this court analyzed *King* and *McManus* and held that the insurance company had no duty to defend "because the cause of action against [the insured arose from a readily determined fact] which [did] not fall within the coverage provisions." 401 F.3d 347, 354–55 (5th Cir. 2005). The separation-of-insureds provision does not prevent application of the breach of contract exclusion to the defendants.

In addition, ABCO suggests that the breach of contract exclusion should not apply because Fuentes could be liable under an unfair competition theory without having breached his non-disclosure agreement. Given the language of the complaint, ABCO does not explain how such a result would be possible. Furthermore, for the breach of contract exclusion to apply, the breach of

contract need not have caused the injuries. Instead, the breach of contract must merely have had an incidental relationship to or connection with the injuries. *EMCASCO Ins. Co.*, 438 F.3d at 524–25. Under this broad standard, we reject this argument.

Having reviewed the parties' arguments and the record, we conclude that the district court properly determined that all of the claims within the complaint arose out of the breach of contract. Gemini therefore does not owe a duty to defend.

## CONCLUSION

We AFFIRM the judgment of the district court.