CHANDLER, J.,
for the Court.
¶ 1. After a jury trial, Christy Hitt was convicted of simple assault upon a law enforcement officer. The Circuit Court of Neshoba County imposed the following sentence upon Hitt: “a term of three (3) years with the Mississippi Department of Corrections and ... a fíne of $1,500.00 and all costs of [c]ourt. Upon serving two (2) years, one (1) year is suspended, and [Hitt] is placed on post-release supervision for a period of three (3) years.”
¶ 2. Hitt appeals, arguing that: (1) the verdict was against the overwhelming weight of the evidence, and (2) the indictment misstated an essential element of the crime charged. Finding no error, we affirm Hitt’s conviction and sentence.
FACTS
¶ 3. The assault charge at issue arose from events on the evening of December 8, 2005, when Officers Cliff Moore and Patrick Estess of the City of Philadelphia Police Department served an arrest warrant on Hitt at the house of Britt Fox. Hitt was present at the house to visit her four-year-old son, who was in the legal custody of Fox and his wife. The officers approached a door located under a carport and knocked. Officer Moore testified that Hitt opened the door, saw the officers, and retreated into the kitchen area inside the house. Officer Moore testified that he and Officer Estess advised Hitt that they had a warrant for her arrest and that she needed to come with them; Hitt responded that she needed to say goodbye to her child. Officer Estess testified that they told Hitt about ten times to come with them, but Hitt repeatedly asserted her need to talk to her child. According to Officer Estess, the child came into the kitchen, and Hitt spoke with him; Hitt then came out and told Officer Moore to handcuff her.
¶ 4. Both officers testified that Hitt said that her left arm was hurt and that she held out her right arm for the handcuffs. When Officer Moore had secured the handcuffs on Hitt’s right arm, she snatched her right arm away. Officer Moore and Hitt began wrestling in the doorway and fell to the floor. When Officer Moore managed to get Hitt into a standing position, he tried to handcuff her left arm. Officer Moore testified that Hitt then “snatched away from me again [and][s]he swung at me.” Officer Moore ducked and avoided the swinging handcuffs. Officer Estess was standing behind Office Moore, and the handcuffs struck him in the left eye. Officer Moore testified that he succeeded in handcuffing Hitt; they then escorted the resistant Hitt to the patrol car.[1]
¶ 5. Hitt testified that she had struck Officer Estess with the handcuffs, but accidentally. Hitt denied that the incident had occurred in the doorway, and asserted that, in fact, it had occurred in the carport in front of a parked car. Hitt testified that Officer Moore was in front of her, and Officer Estess was behind her. She stated that Officer Moore handcuffed her left arm, not her right arm, and that her left arm was painful from having been severely injured in a car accident. Hitt testified that she was protective of her injured left arm, so when Officer Moore handcuffed her left arm, she instinctively jerked it away. Hitt stated that she did not know when Officer Estess, who was standing behind her, was struck by the handcuffs.
¶ 6. The jury found Hitt guilty of simple assault upon a law enforcement officer.
*941 LAW AND ANALYSIS
I. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 7. Hitt filed a motion for a new trial arguing that the verdict was against the overwhelming weight of the evidence. The trial court denied the motion. A motion for a new trial is addressed to the sound discretion of the trial court; a new trial will be granted only in exceptional cases where the evidence preponderates heavily against the verdict. Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005) (quoting Amiker v. Drugs for Less, Inc., 796 So.2d 942, 947(¶ 18) (Miss.2000)). ‘When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Id. We weigh the evidence in the light most favorable to the verdict. Id.
¶ 8. The crime of simple assault upon a law enforcement officer is codified at Mississippi Code Annotated section 97-3-7(l)(a) (Rev.2006). The statute provides that “[a] person is guilty of simple assault if he ... purposely, knowingly or recklessly causes bodily injury to another.” Miss. Code Ann. § 97-3-7(1). The offense carries an enhanced penalty if the person is convicted of simple assault upon a law enforcement officer “... while such ... law enforcement officer ... is acting within the scope of his duty, office or employment. ...” Miss.Code Ann. § 97-3-7(l)(a). Hitt’s indictment omitted the word “recklessly,” and charged that Hitt willfully, unlawfully, feloniously, purposely, and knowingly struck Officer Estess. Therefore, the State was limited to proving that Hitt acted purposely and knowingly. Pariste v. State, 848 So.2d 880, 886(¶ 23) (Miss.Ct.App.2002). The jury instructions properly tracked the indictment.
¶ 9. Hitt avers that the officers’ testimonies were not credible because, according to Hitt, she could not have reached Officer Estess with the handcuffs because Officer Moore was standing between them. Therefore, Hitt argues that her testimony that Officer Estess was standing behind her when he was struck was much more likely to be true. Hitt argues that the verdict was against the overwhelming weight of the evidence because the evidence preponderated heavily in favor of her testimony that she struck Officer Es-tess accidentally, not purposely and knowingly.
¶ 10. The jury was presented with the testimonies of the two officers that Officer Estess was injured when Hitt swung the handcuffs at Officer Moore while resisting arrest. The jury was also presented with Hitt’s testimony to the contrary that she accidentally struck Officer Estess because she flinched while being handcuffed. There was no evidence concerning the distances involved that would have cast doubt upon the veracity of the officers’ testimonies that Hitt swung the handcuffs at Officer Moore, who ducked, allowing the handcuffs to strike Officer Estess in the face. Officer Moore’s testimony that Hitt, while resisting arrest, swung the handcuffs at him supported the inference that she did so purposely and knowingly. The jury’s decision to reject Hitt’s version of events and to find her guilty of simple assault of a law enforcement officer was not against the overwhelming weight of the evidence such that allowing the verdict to stand would constitute an unconscionable injustice. This issue is without merit.
II. WHETHER THE INDICTMENT MISSTATED THE INTENT ELEMENT OF THE CRIME AND THUS *942 FATALLY VARIED FROM THE PROOF ADDUCED AT THE TRIAL.
¶ 11. Hitt’s indictment charged that she:
did willfully, unlawfully, feloniously, purposely, and knowingly caused [sic] bodily injury to Patrick Estes [sic], a human being, and an officer with the Philadelphia Police Department, Philadelphia, Mississippi, while the said Patrick Estes [sic] was acting within the scope of his duty as a law enforcement officer with the Philadelphia Police Department, Philadelphia, Mississippi, by striking Patrick Estes [sic] in the face, contrary to and in violation of Section 97-3-7(l)(a), Miss.Code Ann. (1972), against the peace and dignity of the State of Mississippi.
Hitt argues that the indictment, which charged her with the purposeful and knowing intent to strike Officer Estess, fatally varied from the State’s proof that she intended to strike Officer Moore, but actually struck Officer Estess. The State counters that it proved that Hitt acted with the intent to strike Officer Estess because, under the doctrine of transferred intent, Hitt’s intent to strike Officer Moore was transferred to the person whom she actually struck, Officer Estess.
¶ 12. Under the common law doctrine of transferred intent, “[t]he malicious intent of the unlawful act directed toward one person is transferred to the other person.” Dobbins v. State, 766 So.2d 29, 33(¶ 11) (Miss.Ct.App.2000) (citation omitted). The doctrine is applicable to the crime of assault. Thus, “[i]f A, intending to strike B, misses him and strikes C, or, if mistaking C for B, he strikes him, he is in either case guilty of an assault and battery on C.” Jones v. State, 66 Miss. 380, 384, 6 So. 231, 232 (1889) (internal quotation marks omitted). The State’s proof that Hitt swung the handcuffs with the purposeful and knowing intent to strike Officer Moore, but that she missed Officer Moore and struck Officer Estess, did not fatally vary from the indictment charging that Hitt purposely and knowingly struck Officer Estess. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF SIMPLE ASSAULT UPON A LAW ENFORCEMENT OFFICER AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS TO SERVE AND ONE YEAR SUSPENDED, THREE YEARS OF POST-RELEASE SUPERVISION, AND A FINE OF $1,500 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHO-BA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. The testimony reflected that Hitt’s child was left in the care of Mrs. Fox, who was at home.