# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2013

No. 12-60419
Summary Calendar

Lyle W. Cayce
Clerk

CHRISTOPHER MICHAEL ARCHIE,

Plaintiff-Appellant

v.

ACCEPTANCE INDEMNITY INSURANCE CO.,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC 4:10-CV-63

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Christopher Archie was injured during a shooting at a night club, and won a suit against the night club, the night club owner, and the security guard who shot him. Archie then filed the present declaratory action against the night club's insurance carrier, Acceptance Indemnity Insurance Co. ("Acceptance Indemnity"), which had  denied coverage of Archie's injury. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60419

district court granted summary judgment in favor of Acceptance Indemnity. Archie now appeals. We AFFIRM the district court's judgment.

## FACTS AND PROCEEDINGS

On January 29, 2003, Archie was in Club Focus, a night club in Itta Bena, Mississippi that was owned by Rosie Meeks Brown. Johnny King, d/b/a King Security, was the security guard on duty at Club Focus that evening. Another club patron, Alonzo Hemphill, fired a gun into the crowd. King returned fire. King fatally injured Hemphill and also shot and wounded Archie, who was rendered a paraplegic as a result of his injuries.

Archie sued Brown, King, Club Focus, and King Security, but did not name Brown's insurance carrier, Acceptance Indemnity, as a defendant. Acceptance denied coverage of Archie's claim, asserting that it fell within the Assault and Battery/Bodily Harm exclusion provision in the insurance contract. Archie moved the state court for leave to amend his complaint to add Acceptance as a defendant. However, he opted not to pursue the motion and took a default judgment against Brown and King. In the subsequent trial to determine damages, the jury awarded Archie $12,000,000.00 and $2.00 for punitive damages on March 11, 2010. On April 13, 2010, Archie filed a declaratory judgment in state court, seeking a declaration that Brown's insurance policy covers his injuries. Acceptance Indemnity removed the case to federal district court on May 12, 2010. Acceptance Indemnity then moved for summary judgment, which the district court granted. Archie now appeals.

## STANDARD OF REVIEW

We review "a district court's grant of summary judgment de novo, applying the same standard as the district court." *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012). Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law."

2

No. 12-60419

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating that summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party would bear the burden of proof at trial, the moving party may meet its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has made this showing, the burden shifts back to the nonmoving party "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). The nonmoving party must, in demonstrating that an issue of fact is genuine, "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). While any reasonable inferences are to be drawn in favor of the nonmoving party, *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir. 2003), "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003).

## ANALYSIS

Brown's insurance contract with Acceptance Indemnity including an Assault and Battery/Bodily Injury exclusion that provides:

ASSAULT AND BATTERY EXCLUSION

It is agreed that the insurance does not apply to Bodily Injury, including death, and/or Property Damage arising out of assault and/or battery or out of any act or omission in connection with the prevention of suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.

No. 12-60419

Archie argues that summary judgment should be denied because the exclusion is inapplicable because his injuries were caused by "reckless disregard" and not by assault and battery because King and Hemphill lacked the requisite intent to commit assault or battery against him. He also claims that a minor typographical error in the clause—in which the word "or" was typed up as "of"—introduced ambiguity into the contract and therefore creates a genuine issue of material fact. Because Archie's injuries arose out of the assault and battery committed by Hemphill, we affirm the district court.

The Mississippi Supreme Court has held that in insurance policies, "language in exclusionary clauses must be written in clear and unmistakable language and . . . such clauses are always strictly interpreted." *Miss. Farm Bureau Mut. Ins. Co. v. Jones*, 754 So.2d 1203, 1204 (Miss. 2000). Insurance contracts, including exclusionary clauses, are liberally construed in favor of the insured. *U.S. Fid. & Guar. Co. of Miss. v. Martin*, 998 So.2d 956, 963 (Miss. 2008). However, "if a contract is clear and unambiguous, then it must be interpreted as written," even if such interpretation results in hardship for the insured. *Id.*; *see also Titan Indem. Co. v. Estes*, 825 So. 2d 651, 656 (Miss. 2002). Here, the relevant terms are not ambiguous.

Under Mississippi law, an assault is committed "where a person (1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other is thereby put in such imminent apprehension." *Morgan v. Greenwaldt*, 786 So.2d 1037, 1043 (Miss. 2001). "A battery goes one step beyond an assault in that a harmful contact actually occurs." *Id.* The terms are unambiguous. Both Hemphill and King committed assault, and King committed battery, in that his shots actual hit and killed Hemphill and injured Archie. Hemphill, in opening fire in a night club, intended to, in the very least, create in persons in the night club an imminent apprehension of harmful or offensive contact; and thereby put

4

others in the night club in such imminent apprehension. King also intended to return fire, and at the very least intended to cause imminent apprehension of harmful contact to Hemphill. Under the common law doctrine of transferred intent, which is applicable to assault, "the malicious intent of the unlawful act" by King transferred to Archie. *See Hitt v. State*, 988 So.2d 939, 942 (Miss. App. 2008).

Moreover, we have "held that the words 'arising out of,' when used within an insurance policy, are 'broad, general, and comprehensive terms effecting broad coverage.'" *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 370 (5th Cir. 1998) (quoting *Red Ball Motor Freight, Inc. v. Emp'rs Mut. Liab. Ins. Co.*, 189 F.2d 374, 378 (5th Cir. 1951)). "A claim need only bear an incidental relationship to the described conduct for the exclusion to apply." *Scottsdale Ins. Co. v. Texas Sec. Concepts & Investigation*, 173 F.3d 941, 943 (5th Cir. 1999). Archie need not have been the intended target of the assault and battery for the exclusion to apply. The exclusion applies to any "Bodily Injury, including death, and/or Property Damage arising out of assault and/or battery." Archie's injuries arose out of Hemphill's assault, because King would not have fired on Hemphill had Hemphill not opened fire in the club. Archie's injuries also arose out of King's assault and battery, because he was injured by King when King fired back on Hemphill. The exclusion unambiguously excludes coverage of injuries arising out of an assault and battery, and therefore excludes Archie's injuries.

Archie contends that a typographical error in the contract introduces ambiguity into the contract. The contract, as written, states that the policy excludes coverage of injuries "arising out of assault and/or battery or out of any act or omission in connection with the prevention *of* suppression of such acts," (emphasis added). Because the contract clearly excludes *either* injuries arising out of an assault and/or battery, *or* injuries arising out of "any act or omission in connection with the prevention of suppression of such acts," and because

Archie's injuries arose out of Hemphill's assault, the exclusion provision applies. Therefore, any ambiguity introduced into the policy by the typographical error in the second part of the provision does not create a genuine issue of material fact as to whether the insurance policy exclusion applied to Archie's injuries.

## CONCLUSION

For these reasons, we AFFIRM the district court's grant of summary judgment.